**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2688
_____

ASIA JOHNSON,
                              Appellant

v.

GERMAN AEROSPACE CENTER
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2:18-cv-00899)
District Judge: Honorable Mark R. Hornak
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 4, 2018
Before:  SHWARTZ, KRAUSE and FUENTES, Circuit Judges

(Opinion filed: October 5, 2018)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Asia Johnson, proceeding pro se and in forma pauperis, appeals from the District Court's order dismissing her complaint for failure to state a claim. For the reasons detailed below, we will affirm.

Johnson sued defendant German Aerospace Center for allegedly creating an artificial sun, which, she asserted, blocks the rays of the "real" sun. Johnson claimed that this artificial sun brought on a heatwave that caused her to "almost pass[] out" on July 4, 2018, and killed 33 people in Canada. Compl. at 5. Among other damages, she sought the return of "real" sunlight. The District Court granted Johnson's request to proceed in forma pauperis, concluded that Johnson had failed to state a claim for relief, and dismissed the complaint with prejudice under 28 U.S.C. § 1915.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review an order dismissing a complaint pursuant to 28 U.S.C § 1915 for failure to state a claim under the same de novo standard of review that we use to review an order dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). See generally Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Although pro se pleadings are held to "less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam), "pro se litigants still must allege sufficient facts in their complaints to support a claim," Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013).

We agree with the District Court that Johnson failed to state a claim on which relief could be granted under 28 U.S.C. § 1915. Johnson sued the defendant on the grounds that the defendant had created "the world's largest artificial sun blocking the real sun" and thereby caused a heat wave. These allegations simply do not state a plausible claim for relief. See Iqbal, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."); cf. Denton v. Hernandez, 504 U.S. 25, 33 (1992) (ruling that a court may dismiss a complaint when the facts alleged are "wholly incredible").[1]

Accordingly, we will affirm the judgment of the District Court.

---

[1] The District Court did not err in dismissing Johnson's complaint without giving her an opportunity to amend because it is clear from her filings that amendment would have been futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).